**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **BILLY RAY WASHINGTON,** | § | |
| | § | |
| **v.** | § | **A-07-CA–232-LY** |
| | § | **(A-06-CR-017-LY)** |
| **UNITED STATES OF AMERICA,** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      SENIOR UNITED STATES DISTRICT JUDGE

Before the Court is Movant Billy Ray Washington's ("Movant") Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 filed March 26, 2007 (Clerk's Doc. No. 45), and the Government's Response filed May 11, 2007 (Clerk's Doc. No. 57). The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**BACKGROUND**

On June 27, 2006, Movant pled guilty to Count One of a Superseding Indictment charging him with possession of firearms and ammunition by a previously convicted felon in violation of 18 U.S.C. § 922(g)(1). As part of the plea agreement, Movant waived his right to appeal the sentence and also waived his right to contest the sentence in any post-conviction proceeding, except for claims made based on deviation from the sentencing guidelines, ineffective assistance of counsel, or

prosecutorial misconduct. On September 20, 2006, the District Court sentenced Movant to a 120-month term of imprisonment. No direct appeal was filed.

On March 26, Movant filed his Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 and Memorandum in Support. Movant alleges that (1) his conviction was obtained by the use of evidence gained from an unconstitutional search and seizure; (2) he was denied the effective assistance of counsel; and (3) the district court assessed more points than it should have under federal sentencing guidelines.

**ANALYSIS**

Under Section 2255, there are generally four grounds upon which a defendant may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under Section 2255 is extremely limited: "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If the error is not of constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

Movant first argues that his conviction was obtained as the result of an unlawful search and seizure. The search warrant used by narcotics investigators authorized a search at 231 Lone Star

Circle, while Movant contends his legal address is 123 Lone Star Circle. Movant's guilty plea, however, prevents relief based on an illegal search and seizure. By pleading guilty, a defendant waives certain constitutional and procedural rights. The Fifth Circuit has held that a defendant's "voluntary guilty plea waives all non-jurisdictional defects in the proceedings against the defendant." *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). Putatively unreasonable searches and seizures qualify as non-jurisdictional defects, challenges to which are waived by a guilty plea. *Norman v. McCotter*, 765 F.2d 504, 511 (5th Cir. 1985) (holding that searches and seizures alleged to run afoul of the Fourth Amendment are defects that defendant "waived his right to challenge when, as found above, he entered a knowing and voluntary guilty plea"). Given this, Movant's claim with regard to an allegedly unlawful search and seizure is without merit.

Moreover, even if the Court were to assume that Movant could mount a valid challenge due to an illegal search and seizure, the basis of such a claim – here, clerical error – is unavailable. Movant claims that investigators had a search warrant specifying 231 Lone Star Circle as Movant's residence, while in fact Movant's residence is 123 Lone Star Circle, resulting in a search of the wrong residence. (Both properties are apparently owned by Movant; 231 Lone Star Circle is Movant's mother's address.) However, the error that resulted in incorrectly specifying Movant's residence would not be sufficient to support a claim of unlawful search and seizure because it is of clerical variety. *Arizona v. Evans*, 514 U.S. 1, 15 (1995) (recognizing "a categorical exception to the exclusionary rule for clerical errors of court employees"). The misidentification of 231 Lone Star Circle as Movant's address, purportedly leading to the creation of a "bad warrant," is insufficient to support an illegal search and seizure claim (even if such a claim were not already barred by Movant's guilty plea).

Movant next argues that he was denied the effective assistance of counsel. In order to show ineffectiveness of counsel, Movant must meet the requirements of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first of the two prongs requires Movant to demonstrate that counsel was deficient, to the extent that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Judicial scrutiny of counsel's performance is highly deferential. *Id.* at 689. In addition, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks omitted). Movant must also satisfy the second prong of the test by showing that prejudice resulted from attorney errors. *Id.* at 693.

In his petition, Movant bases his ineffective assistance of counsel claim on the fact that his counsel failed to make a motion to suppress evidence regarding the number of guns that he was charged with possessing. Movant claims two of the three guns were found in a truck not belonging to him, and that his counsel should have acted to suppress this evidence based on the fact that the truck was not registered to him. According to the Presentence Report (PSR), two of the three guns that Movant was charged with possessing were found in a white Chevrolet pickup truck that was parked outside of Movant's residence. PSR at 4. The truck was not registered to Movant. *Id.* However, Movant pled guilty to the charge, and admitted the factual basis, which included all three weapons.

Movant's claim does not satisfy *Strickland* analysis. A petitioner cannot merely allege, but must also affirmatively prove prejudice under *Strickland* . *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). Movant's bald claim of ineffective assistance relies on a flat assertion that counsel failed to explain the superseding indictment to him and refused to suppress evidence, telling Movant

that no motion would be made because "it was just two points" (i.e., the two additional guns added only two sentencing levels).  However, Movant may not "merely allege" ineffective assistance of counsel; "[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient" to meet *Strickland* standards.  *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998).  As Movant relies only on his allegations, and produces nothing in the way of evidence to back up his assertion, his claim of ineffective assistance of counsel must fail.

Movant's final argument is that "the court gave him more points than they should have on his federal sentencing guideline range."  *See* Movant's Petition at 7.  Defendant pled guilty to the offense of Felon in Possession of a Firearm under 18 U.S.C. § 922(g)(1).  The sentencing guidelines for this statute are found in U.S.S.G. § 2K2.1.  Under U.S.S.G. § 2K2.1(a)(2), Movant is assigned a Base Offense Level of 24 because the offense in the instant case was committed subsequent to his sustaining a felony conviction involving a controlled substance (possession of cocaine with the intent to distribute) and a felony conviction that was a crime of violence (aggravated assault).  Two levels are added because the offense involved three or more firearms pursuant to U.S.S.G. § 2K2.1(b)(1)(A).  An additional four levels are added based upon the use of a firearm or ammunition in connection with another felony offense (in this case, possession of crack cocaine) pursuant to U.S.S.G. § 2K2.1(b)(5).  These additions bring the defendant's Adjusted Offense Level to 30.  Three levels are deducted for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b).  Defendant's Total Offense level is 27; this, coupled with defendant's criminal history category of V (based on 10 criminal history points), produces a guideline range of 120 to 150 months.  The statutory maximum for Movant's offense is 120 months, and Movant was sentenced to 120 months.

The success of Movant's argument that he was given a higher sentence than he should have received is necessarily premised on the success of his ineffective assistance of counsel argument. However, that argument failed for the reasons delineated above. While Movant may feel he was assigned more points than he should have been due to the purported ineffectiveness of counsel discussed, that argument was based on conclusory allegations and, therefore, the foundation for his third and final claim is undercut.

## IV. RECOMMENDATION

The Magistrate Court **RECOMMENDS** that the District Court **DENY** Movant Billy Ray Washington's Motion to Vacate his Sentence pursuant to 28 U.S.C. § 2255 (Clerk's Doc. No. 45).

## X. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)©); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 28th day of June, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE