Case 1:06-cr-00017-LY   Document 88   Filed 04/24/09   Page 1 of 14

4-22-2009

RECEIVED
APR 24 2009
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| BILLY RAY WASHINGTON | § | |
| DEFENDANT – PETITIONER, | § | |
| | § | CASE NO. 1:06-CR-00017LY |
| V. | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| RESPONDENT, | § | |

## MOTION TO MODIFY SENTENCE

## ELIGIBILITY FOR CONSIDERATION UNDER

## 18 U.S.C. § 3582 (C) (2)

## AND MEMORANDUM OF LAW IN SUPPORT

**TO THE HONORABLE PRESIDING JUDGE LEE YEAKEL:**

COMES NOW, DEFENDANT – PETITIONER, BILLY RAY WASHINGTON, WHO HAS BEEN SENTENCED TO A TERM OF IMPRISONMENT BASED ON A SENTENCING RANG THAT HAS SUBSEQUENTLY BEEN LOWERED BY THE **SETENCING COMMISSION PURSUANT TO** 28 U.S.C. § 994 (o).

NEW FEDERAL SENTENCING GUIDELINES FOR CRACK COCAINE OFFENDERS WENT INTO EFFECT **November 1, 2007** AND MADE RETROACTIVE **December 11, 2007**, UNDER AMENDMENT § 706.

1.

## JURISDICTION

**THIS COURT HAS JURISDICTION AND AUTHORITY TO GRANT PETITIONER'S CLAIM. ACTING IN PRO/SE IN THIS CASE, RESPECTFULLY MOVES THE DISTRICT COURT TO VACATE AND MODIFY HIS CURRENT SENTENCE PURSUANT TO TITLE 18 U.S.C. § 3582 (c) (2), BASED ON AMENDMENT NUMBER § 706 TO THE SENTENCING GUIDELINES.**

THE PETITIONER SEEKS **RETROACTIVE APPLICATION OF THIS AMENDMENT** AND SEEKS A REDUCTION OF PETITIONER'S CURRENT SENTENCE BASED ON THE FOLLOWING REASONS STATED IN THE MOTION AND PRECEDENT AUTHORITY.

## CHARGE AND CONVICTION

1. ON JUNE 2, 2005 THE DEFENDANT WAS ARRESTED AND CHARGED BY WAY OF INDICTMENT UNDER TITLE 18 U.S.C. § 922 (G) (l) FELON IN POSSESSION OF A FIREARM.

2. ON JUNE 27, 2006 THE DEFENDANT APPEARED BEFORE U.S. MAGISTRATE JUDGE ANDREW W. AUSTIN WITH COUNSEL AND ENTERED A PLEA OF GUILTY TO THE INDICTMENT.

3. ON SEPTEMBER 20, 2006 THE DISTRICT COURT SENTENCED PETITIONER BASED ON THE P.S.I., WHICH HAD CHARGED HIM WITH RELATIVE CONDUCT FOR 1.5 GRAMS OF CRACK COCAIN AND THE P.S.I. ALSO USED A PRIOR CRACK COCAIN CASE OUT OF CALDWELL COUNTY TO ENHANCE HIS BASE OFFENSE FROM LEVEL 20 TO LEVEL 24 FOR A 12 YEAR SENTENCE THAT HE RECEIVED ON AUGUST 21, 1997 IN CASE NO. 95-165 FOR POSSESSION OF A CONTROLED SUBSTANCE (COCAIN) INTENT TO DELIVER OF 4 GRAMS OR MORE BUT LESS THAN 200 GRAMS, THERE BY CAUSING DEFENDANT'S SENTENCE TO BE 120 MONTHS AND A TERM OF 36 MONTHS SUPERVISED RELEASE TO BE COMPLETED AFTER HIS IMPRISONMENT HAS TERMINATED.

THE GOVERNMENT ALSO AGREES NOT TO ENHANCE THE DEFENDANT'S POSSIBLE RANG OF PUNISHMENT BASED ON HIS PRIOR DRUG CONVICTION. THE GONERNMENT FAILED TO ABIDE BY THE PLEA AGREEMENT IN CONNECTION WITH SENTENCING. SEE SANTOBELLO VS. NEW YORK 404 U.S LED, 2d 427 (1971), SEE GOVERNMENT'S RESPONSE DOCUMENT 57 TEXT PAGE 8; MISAPPLICATION OF THE SENTENCING GUIDELINES, AND ALSO SEE ATTACHED SHEET OF PAGE 1 OF THE PLEA AGREEMENT, SEE ATTACH PAGE OF THE INDICTMENT OF CAUSE NO. 95-165, SEE PAGE 2 OF THE FACTUAL BASIS.

## ARGUMENT

SINCE PETITIONER'S CONVICTION, THE **FEDERAL SENTENCING COMMISSION HAS SUBSEQUENTLY LOWERED THE SENTENCING GUIDELINE RANGES PERTAINING TO COCAIN BASE (CRACK COCAIN) OFFENSES UNDER U.S.S.G. § 2D1.1 PURSUANT TO TITLE 28 U.S.C. § 994 (o) AND TITLE 18 U.S.C. § 3582 (c) (2) RESPECTFULLY.**

SPECIFICALLY THE PETITIONER'S REQUESTS A RESENTENCING AND RETROACTIVE APPLICATION OF **AMENDMENT NUMBER § 706** IN THIS CASE. UNDER THIS PARTICULAR AMENDMENT THIS COURT HAS THE **JURISDICTION AND AUTHORITY TO REDUCE PETITIONER'S CURRENT SENTENCE AN ADDITIONAL TWO LEVELS.** THIS WOULD PLACE PETITIONER'S GUIDELINE RANGE UNDER **CRIMINAL HISTORY CATEGORY IV, LEVEL 25 AND SENTENCED TO THE LOW END OF THE GUIDELINE RANDE, WOULD PLACE PETITIONER'S SENTENCE AT 84 MONTHS.**

THE PETITIONER ALSO REQUESTS UPON RESENTENCING THAT THE DISTRICT COURT TAKE INTO CONSIDERATION THE RELEVANT FACTORS SET FORTH IN **TITLE 18 U.S.C. § 3553 (a). TO THE EXTENT THAT THEY ARE APPLICABLE, AS WELL AS THE SUPREME COURT RULING UNDER, UNITED STATES VS. BOOKER, 543 U.S. 220, 263**

(2005). SEE, U.S. VS. HICKS. 472 F.3d 1167 (9TH CIR. 2007). (HOLDING THAT WHEN A DEFENDANT IS RESENTENCED UNDER 18 U.S.C. § 3582 (c) (2), BASED ON A SUBSEQUENT AMENDMENT TO THE GUIDELINES HE IS ENTITLED TO BE RESENTENCED UNDER THE ADVISORY SCHEME OF SENTENCING GUIDELINES UNDER THE **BOOKER** DECISION).

**UNDER TITLE 18 U.S.C. § 3553 (a) (D) (6),** A SENTENCING COURT MAY TAKE UNWARRANTED SENTENCING DISPARITIES AMONG DEFENDANT'S WITH SIMILAR RECORDS WHO HAVE BEEN FOUND GUILTY OF SIMILAR CONDUCT INTO ACCOUNT WHEN SENTENCING DEFENDANT'S UNDER THE ADVISORY SENTENCING GUIDELINES. SEE, U.S. VS. LEROY, 373 F. SUPP. 2d 887 (E.D. WIS.2005); SIMON VS. U.S., 361 F. SUPP. 2d 35 (E.D.N.Y. 2005); U.S. VS. CLARY, 846 F. SUPP. 2d 768 (E.D.MO. 1994); U.S. VS. PICKETT, 475 F.3d 237 (3rd. CIR. 2006).

SINCE THIS COURT WILL BE SENTENCING THE PETITIONER UNDER THE ADVISORY SENTENCING GUIDELINES THE PETITIONER WOULD REQUEST AN ADDITIONAL DEPARTURE BASED ON FAMILY CIRCUMSTANCES, BECAUSE HE IS 54 YEARS OLD AND HIS INCARCERATION IMPOSED AN EXTRAORDINARY HARDSHIP ON HIS FAMILY, BECAUSE HIS WIFE SHARON IS HAVING A HARD TIME TAKING CARE OF HIS DAUGHTER LAKEESHA WILSON. SHE HAS A CHRONIC ILLNESS (LUPUS, ARTHRIGHTIS, ANEMIC) SHE IS IN PAIN A LOT AND HIS WIFE HAS TO WORK AND CAN NOT TAKE CARE OF THEIR DAUGHTER, MAKING DAYCARE IMPOSSIBLE. THE 7th CIRCUIT REVERSES WHERE COURT FAILED TO CONSIDER FAMILY CIRCUMSTANCES. WHEN A DEFENDANT SEEKS A LOWER SENTENCE BASED ON EXTRAORDINARY FAMILY CIRCUMSTANCES, THE RELEVANT INQUIRY IS THE EFFECT OF THE DEFENDANT'S ABSENCE ON HIS FAMILY MEMBERS. THE COURT WAS REQUIRED TO CONSIDER DEFENDANT'S FAMILY CIRCUMSTANCES AND PROVIDE AN ADEQUATE ANALYSIS OF HOW MUCH WEIGHT, IF ANY IT SHOULD COMMAND. U.S. VS. SCHROEDER, 536 F. 3d 746 (7th CIR. 2008)

**THE GOVERNMENT'S POSITION WOULD NOT BE PREJUDICED BY THE DISTRICT COURT'S GRANTING OF THIS MOTION AND REQUEST.**

### REASONS FOR CONSIDERATION OF PETITIONER'S MOTION

THE DEFENDANT HAS COMPLETED CLOSE TO 4 YEARS OF HIS SENTENCE IN THE BUREAU OF PRISONS. DEFENDANT HAS HAD NO INCIDENTS OF VIOLENCE, IN FACT, NO INCIDENT REPORTS WHATSOEVER SINCE HIS INCARCERATION BEGAN IN 2005.

DEFENDANT HAS COMPLETED VARIOUS PROGRAMS WHILE INCARCERATED WHICH HE BELIVES WILL BE OF GREAT BENEFIT TO HIM WHEN HIS INCARCERATION IS COMPLETED.

DEFENDANT HAS A GOOD EMPLOYMENT RECORD WITHIN THE INSTITUTION. HE HAS ALSO PAID ALL ASSESSMENTS ORDERED BY THIS COURT SINCE HE HAS BEEN INCARCERATED.

DEFENDANT WANTS THE COURT TO KNOW THAT HE HAS NOT WASTED HIS TIME OF INCARCERATION AND HAS USED HIS TIME TO BETTER HIMSELF AS NOTED IN THE **ATTACHMENTS HERTO.** PETITIONER RESPECTFULLY ASKS THIS **HONORABLE COURT TO CONSIDER HIS MOTION FOR RESENTENCING.** THE SENTENCING COMMISSION BELIEVES THAT THIS SHOULD BE DONE IN THE INTERESTS OF JUSTICE.

### CONCLUSION

IN LIGHT OF THE FOREGOING AUTHORITIES PETITIONER FURTHER ASSERTS THAT THIS COMPLAINT SHOULD NOT BE DIMISSED FOR FAILURE TO STATE A CLAIM, UNLESS IT APPEARS BEYOND A REASONABLE DOUBT OR PETITIONER CAN PROVE NO SET OF FACTS IN SUPPORT OF HIS CLAIM, WHICH WOULD ENTITLE HIM TO RELIEF SEE; HANINES VS. KERNER, 404 U.S. 519, 30 L. Ed 652, 92 S. Ct. 594 (1972). FURTHERMORE IN HANLE VS. ESTELLE, 623 F. 2d 1273 (1980), ANY PRO/SE PETITIONER, CANNOT BE ASSUMED TO HAVE KNOWLEDGE OF FEDERAL OR STATE LEGAL

PROCEEDURES OR THE LEGAL BASIS WHICH MAY JUSTIFY RELIEF AND CANNOT BE PENALIZED DUE TO HIS INEXPERIENCE WITH THE LAW OR LAND.

A PETITIONER WHO FAILS TO SATISFY THE CAUSE AND PREJUDICE STANDARD, MAY NONTHELESS BE ENTITLED TO RELIEF IF HE CAN SHOW THAT IMPOSITION OF PROCEDURAL BAR WOULD CONSTITUTE A MISCARRIAGE OF JUSTICE.

PETITIONER COMES BEFORE THIS HONORABLE COURT, AND WITH THIS PRO/SE MOTION, AND ASKS THIS COURT TO LET JUSTICE BE DONE. PETITIONER STATES THIS IS THE TIME AND THE PLACE TO MAKE RIGHT THESE ISSUES. I SEEEK AND HOPE IN THIS RULING, JUST TO HAVE THIS OPPORTUNITY IS A BLESSING FOR THE FORE – GOING REASONS. PLAINTIFF'S MOTION SHOULD BE GRANTED IN ACCORDANCE AND COMPLIANCE WITH ALL FEDERAL LAWS AND RELIEF THIS COURT DEEMS JUST AND PROPER.

RESPECTFULLY SUBMITTED,

*Billy Ray Washington*
BILLY RAY WASHINGTON
PROCEEDING PRO/SE
P.O. BOX 1010
BASTROP, TEXAS 78602

## CERTIFICATE OF SERVICE

7.

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING MOTION TO MODIFY SENTENCE UNDER 18 U.S.C. § 3582 (c) (2) AND MEMORANDUM IN SUPPORT THEREOF HAS BEEN FORWARDED BY UNITED STATES MAIL, POSTAGE PRE-PAID, FIRST CLASS, CERTIFIED RECEIPT TO THE FOLLOWING PERSON OF INTEREST.

MAIL TO:

MR. DOUGLAS W. GARDNER

UNITED STATES ATTORNEY'S OFFICE

816 CONGRESS AVENUE

SUITE 1000

AUSTIN, TX 78701

MAIL TO:

CLERK, U.S. DISTRICT COURT

WESTERN DISTRICT OF TEXAS

UNITED STATES COURTHOUSE

200 W. 8th STREET ROOM 130

AUSTIN, TEXAS 78701-9620

*Billy Ray Washington*
BILLY RAY WASHINGTON
REG. NO. 57791-180
PROCEEDING PRO/SE

and would have had to travel in and affect interstate and/or foreign commerce to be received or possessed in Texas.

17. On August 1, 1991, in the 21st Judicial District Court of Bastrop County, Texas, Billy Ray Washington pled guilty to Aggravated Assault in Cause number 7473. The court deferred further proceedings and placed the defendant on 10 years probation. On November 30, 1999, the defendant's probation was revoked and he was sentenced to serve 9 years confinement in the Texas Department of Criminal Justice - Institutional Division (TDCJ-ID).

18. On August 21, 1997, in the 22nd Judicial District Court of Caldwell County, Texas, Billy Ray Washington was convicted of Possession of a Controlled Substance (Cocaine - Intent to Deliver), under Cause number 95-165. He was sentenced to 12 years confinement in the TDCJ-ID. The aforementioned convictions qualify as a crime of violence and controlled substance offenses, as defined in U.S.S.G. § 4B1.2(a) and (b) and Application Note 1.

**Victim Impact**

19. There are no identifiable victims of the offense.

**Adjustment for Obstruction of Justice**

20. There is no information to suggest that the defendant obstructed or impeded justice.

**Adjustment for Acceptance of Responsibility**

21. On July 7, 2006, the probation officer interviewed the defendant. The defendant provided a written statement as follows:

> I wish to take responsibility for possessing a firearm in my home. Being a convicted felon, I realize this action was illegal and I hold myself accountable for my decision.

22. The defendant has demonstrated an affirmative acceptance of responsibility for the offense and has assisted authorities in a manner that avoided preparing for trial. The offense level is more than 16 and under U.S.S.G. § 3E1.1(a) & (b), he is eligible for a total reduction of 3 levels.

**Offense Level Computations**

23. The Sentencing Guidelines Manual which incorporates amendments effective November 1, 2005, which includes the Supplement dated March 27, 2006, is being utilized for guideline computation purposes, and consideration of the ex post facto clause has been applied.

Count One: Felon in Possession of a Firearm

| | | |
|---|---|---|
| 24. | **Base Offense Level:** The United States Sentencing Commission Guideline for violation of 18 U.S.C. § 922(g)(1) is found in U.S.S.G. § 2K2.1(a)(2), which calls for a base offense level of 24 because the defendant committed the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense. | 24 |
| 25. | **Specific Offense Characteristics:** The offense involved three or more firearms. Pursuant to U.S.S.G. § 2K2.1(b)(1)(A), two levels are added. | +2 |
| 26. | **Specific Offense Characteristics:** The defendant used or possessed any firearm or ammunition in connection with another felony offense, namely, Possession of a Controlled Substance. Pursuant to U.S.S.G. § 2K2.1(b)(5), four levels are added. | +4 |
| 27. | **Victim-Related Adjustments:** None. | 0 |
| 28. | **Adjustments for Role in the Offense:** None. | 0 |
| 29. | **Adjustment for Obstruction of Justice:** None. | 0 |
| 30. | **Adjusted Offense Level (Subtotal):** | 30 |
| 31. | **Adjustment for Acceptance of Responsibility:** A reduction of two levels is applicable under U.S.S.G. § 3E1.1(a) because the defendant has demonstrated acceptance of responsibility for the offense. The Government has indicated that the defendant has assisted authorities in a manner that avoided preparing for trial. Pursuant to § 3E1.1(b), the offense level is decreased by one additional level. | -3 |
| 32. | **Chapter Four Enhancements:** None. | 0 |
| 33. | **Total Offense Level:** | 27 |

6

## III.

## MISAPPLICATION OF THE SENTENCING GUIDELINES.

Washington alleges that the district court assessed "more points than . . . [it] should have on his federal sentencing guidelines range." This claim is without merit.

Washington was assessed a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2) because the offense in the instant case was committed subsequent to his sustaining a felony conviction involving a controlled substance offense [possession of cocaine with intent to deliver], and a felony conviction that was a crime of violence [aggravated assault]. United States v. Riva, 440 F.3f 722, 723 (5th Cir. 2006)' United States v. Serna, 309 F.3d 859, 860 (5th Cir. 2002).

Because the offense in this case involved three or more firearms, a two-level assessment was made pursuant to U.S.S.G. § 2K2.1(b)(1)(A). United States v. Houston, 364 F.3d 243, 248 (5th Cir. 2004). Washington was assessed an addition four points under U.S.S.G. § 2K2.1(b)(5) based upon the use or possession of a firearm or ammunition in connection with another felony offense - in this case, possession of crack cocaine. United States v. Jackson, 453 F.3d 302, 307 (5th Cir. 2006). This gave Washington an adjusted offense level of 30. (PSR ¶ 30). Washington was given a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 - giving him a total offense level of 27. Washington had 10 criminal history points, which established a criminal history category of V. (PSR ¶¶ 35 - 44). An offense level of 27 and a criminal history category of V produces a guideline sentencing range of 120 to 150 months. Washington's statutory maximum

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| V. | * | CRIMINAL NO. A-06-CR-017LY |
| BILLY RAY WASHINGTON | * | |

PLEA BARGAIN AGREEMENT

TO THE HONORABLE JUDGE OF SAID COURT:

In compliance with Rule 11(c)(1) & (e)(2) of the Federal Rules of Criminal Procedure, the United States of America and the Defendant in this case acknowledge the following agreement between the United States, by and through the United States Attorney for the Western District of Texas, the Defendant, BILLY RAY WASHINGTON, and the Defendant's counsel.

1. The Defendant has agreed to enter a plea of guilty to the Indictment on file against him, charging him with possession of a firearm while being a convicted felon in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

2. The United States Attorney agrees to refrain from prosecuting Defendant for other Title 18 or 21, United States Code violations of which the United States is now aware, including possible delivery of cocaine base charges carrying a penalty of up to twenty years which may have been committed by the Defendant in the Western District of Texas. That is, this action now pending is the extent of the Federal prosecution against the Defendant in the Western District of Texas based upon all facts at hand. The Government also agrees not to enhance the Defendant's possible range of punishment based on his prior drug conviction.

NO. 95-165

THE STATE OF TEXAS VS. BILLY RAY WASHINGTON

CHARGE:   POSSESSION OF A CONTROLLED SUBSTANCE
          (COCAINE -INTENT TO DELIVER)

INDICTMENT

---

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURY, for the County of Caldwell, State of Texas, duly selected, empaneled, sworn, charged, and organized as such at the September Term A.D. 1995 of the 22nd Judicial District Court for said County, upon their oaths present in and to said court at said term that BILLY RAY WASHINGTON, hereinafter styled Defendant, on or about the 27th day of January, 1995, and before the presentment of this indictment, in the County and State aforesaid, did then and there intentionally and knowingly possess, with intent to deliver, a controlled substance, to-wit: cocaine, in an amount by aggregate weight, including any adulterants and dilutants, of 4 grams or more but less than 200 grams.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Jo Ann Holcomb<br>
FOREMAN OF THE GRAND JURY

1

FILED 13 Sept 95
3:45 P

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

UNITED STATES OF AMERICA )
)
v. ) CRIMINAL NO. A-06-CR-017LY
)
BILLY RAY WASHINGTON )
          Defendant )

FILED
JUN 2 7 2006
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
      DEPUTY CLERK

## FACTUAL BASIS

Had this case proceeded to trial, the United States Attorney for the Western District of Texas was prepared to prove and would prove that on or about June 6, 2005, in the Western District of Texas, the Defendant,

### BILLY RAY WASHINGTON

having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess firearms and ammunition, to wit: one(1) Howa, model 3000, 12 gauge pump shotgun, bearing serial number FC54356; one (1) Remington Wingmaster, model 870, 12 gauge pump shotgun, bearing serial number T994417V; one (1) Remington, model 710, 30-06 caliber bolt action rifle, bearing serial number 71120994; which had been shipped and transported in interstate and foreign commerce. In violation of Title 18, United States Code Section 922(g)(1).

Specifically, the Unites States Attorney would prove beyond a reasonable doubt that on or about June 2, 2005, officers with the Bastrop Sheriff's Department executed a search warrant at the Defendant's residence located at 231 Lone Star Circle, Bastrop, Texas, which location is within the Austin Division of the Western District of Texas. A search of the residence and grounds recovered the firearms and ammunition as listed in the Indictment. A search of the

Defendant's criminal history revealed that the Defendant had been previously convicted in Cause No. 95165 CT1 in the 22nd Judicial District Court of Caldwell County on August 21, 1997 of Possession of a Controlled Substance-Cocaine and was sentenced to 12 years confinement. The firearms were examined by a Bureau of Alcohol, Tobacco and Firearms agent trained in identifying the origin and manufacturer of firearms and determined that the firearms and ammunition listed in the Indictment traveled in interstate commerce

                              Respectfully submitted,

                              JOHNNY SUTTON
                              UNITED STATES ATTORNEY

By: _____
                    DOUGLAS W. GARDNER
                    Assistant U.S. Attorney